**JAEGER et al.**

*v.*

**FOX PAPER CO.**

Civ. No. 13543.

United States District Court,
E. D. New York.
March 23, 1954.

———◆———

Burke & Burke, New York City, for defendant for motion.

Bernhardt, Sahn, Shapiro & Epstein, New York City, Morris Shapiro, New York City, for plaintiffs in opposition.

RAYFIEL, District Judge.

The above-entitled action was commenced in the New York Supreme Court, Nassau County. Thereafter the plaintiffs served a supplemental and amended complaint, stating two causes of action, under the second of which they sought to recover damages for the alleged breach by the defendant of the terms and conditions of a certain agreement therein referred to and described. The defendant's answer denied generally the allegations contained in said cause of action.

The above-named defendant commenced an action in this Court against the plaintiff herein, alleging, inter alia, that the parties hereto had entered into the agreement hereinabove referred to; that the said agreement provided for the manufacture and sale by the plaintiffs to the defendant of a machine which the plaintiffs warranted would perform certain

work, the capacity to do which was to be determined by tests to be made after the completion thereof; that the plaintiff breached the said agreement, and that by reason thereof the defendant rescinded the same and demanded the return of the sum of $6500 which it had paid on account of the purchase price specified therein.

The action first hereinabove mentioned was removed to this Court on the ground that the defendant was a nonresident of the State of New York, and, by an order of this Court entered on July 17, 1953, both actions were consolidated and the complaint in the action commenced by the defendant was designated as a counterclaim herein.

The defendant has moved for an order directing that a test of the aforementioned machine be made under its direction. The motion appeared on the calendar on March 3, 1954. Counsel for the defendant argued orally in support of the motion and plaintiff's counsel submitted an affidavit in opposition.

The Court thereafter learned that the plaintiffs had sold the machine in question some time prior thereto and no longer had possession thereof. It conferred with counsel for both parties and informed them that since it appeared that the machine is not located on property in the possession or control of the plaintiffs it could not grant the relief sought in the defendant's notice of motion, but that it would require the plaintiffs to furnish certain information which would enable the defendant to prepare for the trial of the action.

Accordingly the plaintiffs are directed to furnish the defendant's counsel with the following information within ten days after service of a copy of the order to be entered herein:—

a. when and to whom was the machine sold, giving the address of the purchaser?

b. was it sold at public auction or private sale?

c. if it was sold by written agreement, a copy thereof.

d. if by oral agreement, a statement of the substance thereof, including the purchase price, and the manner of payment thereof.

e. do the plaintiffs claim that the defendant was notified of the sale or proposed sale of the machine?

If the answer is "yes", was the notice in writing? If in writing, a copy thereof, and when and to whom, for the defendant, such notice was given.

Settle order on notice.